MEMORANDUM **
Marcos Polo Salazar-Reyes petitions for review of the Board of Immigration Appeal’s (“BIA”) affirmance of an immigration judge’s (“IJ”) decision sustaining his removability due to a 2004 theft conviction and pretermitting his application for adjustment of status. We have jurisdiction under 8 U.S.C. § 1252, and we grant in part and deny in part the petition for review and remand for further consistent proceedings.
Under 8 C.F.R. § 204.2(h)(2), an approved visa petition that is subsequently approved again “shall be regarded as a reaffirmation or reinstatement of the validity of the original petition, except ... when an immigrant visa has been issued to the beneficiary as a result of the petition approval.” The BIA reasonably interpreted this provision as preventing Salazar-Reyes from reusing his approved visa petition to apply for adjustment of status, and we defer to the BIA’s precedential, reasonable interpretations of the immigration statutes and regulations. See Garcia-Quintero v. Gonzales, 455 F.3d 1006, 1011—13 (9th Cir.2006); see also Lal v. INS, 255 F.3d 998, 1004 (9th Cir.2001). Accordingly, the BIA properly affirmed the IJ’s conclusion that Salazar-Reyes was ineligible for adjustment of status.
However, because the BIA dismissed Salazar-Reyes’s appeal before we issued our decision in Cuevas-Gaspar v. Gonzales, 430 F.3d 1013 (9th Cir.2005), Salazar-Reyes was precluded from arguing that Cuevas-Gaspar compels the imputation of 8 U.S.C. § 1229b(a)(l)’s requirement of at least five years of lawful permanent residence. “We do not require an alien to exhaust administrative remedies on legal issues based on events that occur after briefing to the BIA has been completed.” Alcaraz v. INS, 384 F.3d 1150, 1158 (9th Cir.2004). We therefore remand to the BIA to allow it to consider in the first instance Salazar-Reyes’s eligibility for cancellation of removal in light of Cuevas-Gaspar and our recent decision in Mercado-Zazueta v. Holder, No. 07-71428 (9th Cir.2009). See INS v. Ventura, 537 U.S. 12, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).
PETITION GRANTED in part; DENIED in part; and REMANDED for further proceedings consistent with this memorandum disposition.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.